UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 23-cv-22582-Bloom/Otazo-Reyes**

RICHARD ARJUN KAUL, MD,

    Plaintiff,

v.

CHRISTOPHER J. CHRISTIE, et al.,

    Defendants.
_____/

**DEFENDANT KENNETH MURPHY'S
MOTION TO SET ASIDE CLERK'S DEFAULT AND QUASH SERVICE**

Defendant Kenneth Murphy (hereinafter "Defendant" or "Murphy"), by and through undersigned counsel, pursuant to Rules 4, 55(c), and 60 of the Federal Rules of Civil Procedure, hereby moves this Court to Set Aside the Clerk's Default entered in this case and to Quash Service of Process and as grounds therefor states as follows.

**Introduction**

1. Plaintiff, Richard Kaul, initiated this lawsuit on July 11, 2023. [D.E. 1.]

2. On July 28, 2023, Plaintiff filed his Amended Complaint. [D.E. 4.]

3. On August 15, 2023, Plaintiff filed an Affidavit of Service as to Murphy. [D.E. 12.]

4. According to the "Proof of Service", Plaintiff attempted to serve Murphy at his place of employment but was unable to do so, leaving the documents with a "co-worker" instead. [D.E. 12.]

5. On August 31, 2023, Plaintiff requested a default be entered as to Murphy. [D.E. 15.]

6. On August 31, 2023, the Clerk entered a default against Murphy. [D.E. 16.]

7. Plaintiff's attempt to effect service of process on Murphy by serving his co-worker is not in conformance with Federal or Florida law, and such service is both procedurally and substantively ineffective.

## Memorandum of Law

Plaintiff has attempted to serve Murphy by delivering the Summons and Complaint to his place of employment. Federal Rule of Civil Procedure 4(e) provides that service on an individual can be made by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> > (A) delivering a copy of the summons and of the complaint to the individual personally;
> > (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> > (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Plaintiff has clearly failed to deliver a copy of the Summons and Complaint to Murphy personally, or to leave a copy of each at Murphy's dwelling or usual place of abode with someone of suitable age and discretion who resides there. Instead, the Plaintiff has delivered a copy of the Summons and Complaint to Murphy's place of employment, which is not a proper method of service.

The Federal Rules of Civil Procedure authorize a trial court to set aside a Clerk's default "for good cause." Fed. R. Civ. P. 55(c). The Court is vested with considerable discretion in ruling on a motion to set aside an entry of default. *See Lopez v. Colonial Group of Am. Corp.*, Case No. 12-22208-CIV, 2013 WL 1503260, * 1 (S.D. Fla. April 12, 2013). The Eleventh Circuit has held that defaults are disfavored because of the strong policy of determining cases on their merits. *See Lopez*, 2013 WL 1503260 at * 1. Therefore, to obtain relief under Rule 55(c), the movant only must make a bare minimum showing to support its claim for relief. *See Id*. The Rule 55(c) "good cause" standard of review for setting aside a Clerk's default is less rigorous than the "excusable neglect" standard of review under Rule 60(b) for vacating a default judgment. *See Jones v. Harrell*, 858 F. 2d 667, 669 (11th Cir. 1988). In determining whether a movant has demonstrated "good cause," courts have recognized several factors: (a) whether the default was culpable or willful; (b) whether setting it aside would prejudice the adversary; (c) whether the defaulting party presents a meritorious defense; (d) whether there was significant financial loss to the defaulting party; and (e) whether the defaulting party acted promptly to correct the default. *See Id*. at * 2. These factors are only guidelines and are not "talismanic." *Id*.

In the instant case, the default was not willful because Murphy has never been properly served. Plaintiff will not be prejudiced as the lawsuit is in its infancy and none of the co-defendants have been properly served either. Furthermore, a clear reading of the Complaint will reveal that Plaintiff's claims are not properly

3

pled in this Court. Murphy has moved diligently to address the default. Finally, as service was never proper, it is void.

## Conclusion

The clerk's default here is void. Plaintiff failed to properly serve Murphy and the clerk lacked jurisdiction to enter a default against Murphy. Due to the clear lack of jurisdiction and Plaintiff's failure to effectuate service, Murphy respectfully requests that this Court set aside the clerk's default and quash service as to Murphy.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

**I HEREBY CERTIFY** that pursuant to Southern District Local Rule 7.1, on September 14, 2023, undersigned counsel attempted to confer with Plaintiff via telephone regarding this Motion but was unable to do so and left a voicemail.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 14, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. I further certify that there are no non-CM/ECF participants to whom service is owed.

/s/*Terry E. Leach*
TERRY E. LEACH, ESQ.
Florida Bar No. 112987
Walker, Revels, Greninger, PLLC
189 S. Orange Avenue, Suite 1600
Orlando, FL 32801
Tel: 407-789-1830   Fax: 321-319-9650
TLeach@wrg.law
KDecker@wrg.law
TMcLin@wrg.law
Counsel for Defendant Kenneth Murphy