UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FILED BY _____ D.C.
SEP 29 2023
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

RICHARD ARJUN KAUL, MD;
JANE DOE; JOHN DOE.

v.

CHRISTOPHER J. CHRISTIE
KENNETH MURPHY
JANE DOE; JOHN DOE.

CIVIL ACTION: NO.: 23-CV-22582
(BB) (AMO)

**PROPOSED ORDER**

Plaintiff Kaul respectfully submits proposed FINDINGS OF FACT and LEGAL ANALYSIS for the Court to consider in the issuance of the FINAL ORDER AND JUDGMENT.

Respectfully Submitted:

Dated: September 28, 2023

_____
RICHARD ARJUN KAUL, MD

1

**FINDINGS OF FACT**

The Complaint was filed on July 11, 2023.

The Amended Complaint was filed on July 28, 2023.

A summons as to Defendant Christie was issued on July 31, 2023.

Defendant Christie was served with the Summons and Amended Complaint on August 14, 2023.

An executed summons as to Defendant Christie was returned to the Court on August 17, 2023.

A motion and affidavit seeking Default against Defendant Christie was filed with the Court on September 6, 2023.

The Clerk of the Court entered Default against Defendant Christie.

The Court entered an ORDER ON DEFAULT JUDGMENT PROCEDURE on September 6, 2023.

Plaintiff Kaul filed notices of Joint Liability for Defendants Christie and Murphy on September 13, 2023.

The Court ORDERED AND ADJUDGED that Plaintiff Kaul file a Motion for Default Final Judgment by September 28, 2023.

Defendant Christie is a lawyer.

Defendant Christie entered politics in the mid 1990s.

Defendant Christie is a 'state actor' for the purpose of a civil rights claim.

2

From 2000 to 2008 Defendant Christie was the US Attorney for the District of New Jersey.

From 2009 to 2017 Defendant Christie was the Governor for the State of New Jersey.

As the Governor, Defendant Christie did, through appointments and dismissals, control the state medical board.

Plaintiff Kaul invented and successfully performed the first percutaneous spinal fusion in February 2005.

Plaintiff Kaul's invention and incorporation into his practice of the percutaneous spinal fusion caused him immense success.

Plaintiff Kaul's immense success caused professional jealousy amongst his competitors.

Plaintiff Kaul's jealous competitors commenced conspiring against Plaintiff Kaul in approximately 2005 to 2006, shortly after he had performed the first percutaneous spinal fusion.

In approximately 2008, Plaintiff Kaul's competitors entered into a quid pro quo conspiracy with Defendant Christie in which they funneled bribes into accounts and other financial instruments connected to his personal, business, and political affairs.

In exchange for the bribes, Plaintiff Kaul's competitors sought, and Defendant Christie ordered the state medical board, the then New Jersey Attorney General and New Jersey Administrative Law Judge, James Howard Solomon, to commence 'sham' legal proceedings to revoke Plaintiff Kaul's license.

The state medical board, the then New Jersey Attorney General and James Howard Solomon did in a knowingly fraudulent and illegal manner perpetrate their scheme by, through and with the assistance, authority and power of state actors, state agencies and state courts.

The state medical board, the then New Jersey Attorney General and James Howard Solomon did in a knowingly fraudulent and illegal manner perpetrate a falsification of the December 13, 2013, opinion of James Howard Solomon.

The falsification of the December 13, 2013, opinion of James Howard Solomon by the state medical board, the then New Jersey Attorney General and James Howard Solomon did include at least two hundred and seventy-eight (278) separate instances of evidential tampering, witness tampering, perjury and evidential omissions.

Based on the December 13, 2013, opinion and on orders from Defendant Christie, Plaintiff Kaul's license was revoked on March 24, 2014.

Defendant Christie threatened members of the state medical board with deprivation of their state pensions if they failed to revoke Plaintiff Kaul's license.

Commencing in approximately 2010, Defendant Christie did, as the Governor of the State of New Jersey, use this power in the NJ Courts and state agencies to attempt to either physically end or effectively end through a deprivation of rights, the life of Plaintiff Kaul.

Defendant Christie's purpose in seeking to terminate Plaintiff Kaul's existence was to prevent him from exposing the crimes of **The Kaul Cases** Defendants.

Defendant Christie knew that an exposition of the crimes of **The Kaul Cases** Defendants would destroy his political career.

In approximately May 2016, Defendant Christie ordered lawyers within the office of the NJ AG and the Mercer County Prosecutors Office to file a knowingly false tax related criminal indictment against Plaintiff Kaul.

In filing the false tax indictment, Defendant Christie abused state power to retaliate against Plaintiff Kaul for filing suit against him in the United States District Court on February 22, 2016.

The purpose of the false tax indictment was to harass and intimidate Plaintiff Kaul into not prosecuting his case (K1) against Defendant Christie and others,

Defendant Christie's principal purpose in attempting to prevent Plaintiff Kaul from prosecuting K1 was to conceal his crimes/human rights violations and those of others.

Defendant Christie, a lawyer, knew that his use of the apparatus of state and the US wires in the perpetration of the fraudulent tax indictment did constitute the felonies of wire fraud, public corruption, and perjury.

Defendant Christie perpetrated the false tax indictment scheme with a malice and willfulness that they knew did violate Plaintiff Kaul's human, civil and constitutional rights.

Defendant Christie ordered a judge he had appointed to the state bench, Peter Warshaw, to expedite the prosecution of the criminal case, a case the judge knew was a fraud.

Defendant Christie ordered the false tax indictment be sent to the residence of Plaintiff Kaul's ex-wife via the US mail.

Defendant Christie, a lawyer, knew that his use of the US mail to transmit the document of the false tax indictment constituted the offense of mail fraud.

In approximately early September 2016, Defendant Christie ordered state child support agencies and courts to have Plaintiff Kaul arrested, jailed, and threatened with non-release unless he pay thirty-thousand dollars ($30,000).

Defendant Christie's child support jailing scheme almost caused Plaintiff Kaul to suffer a lethal myocardial infraction as Defendant Christie had ordered his blood pressure medications withheld.

On September 17, 2016, consequent to Defendant Christie's false May 2016 tax indictment scheme and subsequent illegal arrest warrant, Plaintiff Kaul was prevented from leaving the hospital to which he had been transferred for emergent cardiac care.

Consequent to the illegal tax indictment warrant, Plaintiff Kaul's person was further illegally detained until the Mercer Country judge, upon advice from the physician, indicated that Plaintiff Kaul would receive notice in the mail.

Defendant Christie knew that the further detainment of Plaintiff Kaul's person was illegal and constituted a violation of his human, civil and constitutional rights.

In October 2016, Defendant Christie informed himself of the procedural facts of the false tax indictment and did come to know that Plaintiff Kaul had spoken with an assistant prosecutor assigned to the case.

Defendant Christie was informed that Plaintiff Kaul had requested a copy of the file.

Defendant Christie ordered the judge and the prosecutor that no file be provided to Plaintiff Kaul and that there be no further communications with him.

Defendant Christie's orders of deprivation of communication with Plaintiff Kaul were purposed to prevent him exposing the fraudulence of the tax indictment, to cause the issuance of an arrest warrant, summary conviction and incarceration.

Defendant Christie knew that if Plaintiff Kaul were arrested all lawyers and accountants in New Jersey had been ordered to adhere to the non-assistance orders disseminated in 2012.

Defendant Christie intended to cause a knowingly illegal deprivation of Plaintiff Kaul's right to counsel.

Defendant Christie knew that the indictment in conjunction with the non-assistance orders and Plaintiff Kaul's state of poverty would eliminate Plaintiff Kaul through incarceration.

Defendant Christie intended to cause a knowingly illegal incarceration of Plaintiff Kaul

In the period from September 2017 to February 2021, Plaintiff Kaul, in applying for state licenses in New York, New Jersey and Pennsylvania underwent multiple state and federal criminal background and arrest warrant checks.

Plaintiff Kaul passed all criminal background checks, and no warrants were found.

On May 27, 2021, Defendant Christie in retaliation for Plaintiff Kaul having had him served with a copy of the Summons/Complaint in <u>Kaul v Boston Partners: 21-CV-10326</u> (K11-2) had Plaintiff Kaul kidnapped by nine (9) armed warrantless persons.

Defendant Christie's kidnapping scheme failed, and Plaintiff Kaul was 'dumped' at a local hospital, from where the kidnappers rapidly departed.

Defendant Christie ordered local New Jersey police to obstruct the service of legal documents from the United States District Court by harassing and threatening to arrest process servers.

Defendant Christie ordered a New Jersey deputy attorney general to threaten Plaintiff Kaul with arrest if he did not cease his prosecution of Defendant Christie.

Defendant Christie in having filed a knowingly false tax indictment against Plaintiff Kaul did act with malice.

Defendant Christie in acting with malice did knowingly and willfully violate Plaintiff Kaul's human, civil and constitutional rights.

In knowingly and willfully violating Plaintiff Kaul's human, civil and constitutional rights and the law, Defendant Christie did commit a knowing 'Fraud on the Court'.

Defendant Christie was motivated to perpetrate crime by through and with the apparatus of state by his political ambition to become President.

Defendant Christie ordered that Plaintiff Kaul be administered anti-psychotics at the Mercer County Correctional Center.

Defendant Christie ordered that Plaintiff Kaul be psychiatrically labelled at the Mercer County Correctional Center.

Defendant Christie ordered that Plaintiff Kaul be seriously injured and or killed at the Mercer County Correctional Center, in order to eliminate the threat that Plaintiff Kaul's existence posed to Defendant Christie's political ambitions.

Defendant Christie ordered that the June 14, 2023, illegal seizure of Plaintiff Kaul's person be conducted in secrecy in order that he be denied an opportunity to inform other persons as to his whereabouts.

In knowingly and willfully violating Plaintiff Kaul's human, civil and constitutional rights and the law, Defendant Christie did so with an impunity based on his belief that Plaintiff Kaul would either be forever foreclosed from litigating his claims to conclusion or that if he did, he would be jailed, seriously injured and or killed before he could enforce judgment.

In knowingly and willfully violating Plaintiff Kaul's human, civil and constitutional rights and the law, Defendant Christie did so with an impunity based on his belief that Plaintiff Kaul would either be forever foreclosed from litigating his claims to conclusion or that if he did, Defendant Christie would be President or a member of the President's cabinet before Plaintiff Kaul could enforce judgment.

On June 14, 2023, Plaintiff Kaul's person was illegally seized on an illegal warrant issued consequent to Defendant Christie's illegal May 2016 tax indictment.

Plaintiff Kaul's person was illegally seized by Defendant Murphy.

Defendant Murphy is a police officer at the Morristown Police Department in Morristown, Morris County, New Jersey.

Defendant Murphy is a 'state actor' for the purpose of a civil rights claim.

Defendant Christie lives in Morris County.

Defendant Christie commenced his political career in Morris County in the mid 1990s.

Defendant Murphy knew that the tax related arrest warrant was illegal.

Defendant Murphy was motivated to execute a knowingly illegal arrest warrant as he believed it would advance his career.

Defendant Murphy knew that to not execute the illegal warrant and to report the illegal arrest of Plaintiff Kaul would seriously harm his career.

Defendant Murphy participated <u>directly</u> in the false arrest and imprisonment scheme for approximately four (4) hours, without reporting it to state or federal authorities

Defendant Murphy participated <u>indirectly</u> in the false arrest, imprisonment, and attempted assault scheme for almost thirty-six (36) hours, without reporting it to state or federal authorities.

Defendant Murphy received orders that came from Defendant Christie via Morristown Police Department to conduct an aggressive public search of Plaintiff Kaul's person.

Defendant Murphy did conduct an overly aggressive search of Plaintiff Kaul's person in while Plaintiff Kaul was standing with his face to the car and his arms extended and hands on the top of the car, with his legs apart, Defendant Murphy continued shouting at Plaintiff Kaul to move his legs further apart and stop resisting.

Defendant Murphy knew that Plaintiff Kaul was not resisting and that his legs could extend no further.

Defendant Murphy aggressively persisted with his shouting, which he knew was being recorded, in order to manufacture a reason for he and his partner to use excessive violent force on Plaintiff Kaul.

10

Defendant Christie ordered that a charge of resisting arrest be manufactured in the belief that it would hinder his prosecution and or asset seizure by Plaintiff Kaul in K11-15.

Defendant Murphy, a person with knowledge of the law, knew that his illegal seizure of Plaintiff Kaul's person did constitute a willful violation of Plaintiff Kaul's human, civil and constitutional rights.

Defendant Murphy, with knowledge of the illegality of his seizure of Plaintiff Kaul's person facilitated the transport of his person from the site of the traffic stop to the Mercer County Correctional Center in a manner purposed to prevent Plaintiff Kaul from having a lawyer contacted.

Defendant Murphy, in the belief that Defendant Christie's scheme would successfully eliminate Plaintiff Kaul, did not at any point inform Plaintiff Kaul of his rights.

Defendant Murphy, a law enforcement officer, knew in the time between his illegal seizure of Plaintiff Kaul's person and his transfer of Plaintiff Kaul's person to the Marshals that the illegal warrant was based on the illegal tax indictment, which was an act of retaliation by Defendant Christie to attempt to harass Plaintiff Kaul into ceasing his prosecution of Defendant Christie.

Defendant Murphy, despite knowing that the tax indictment and warrant were illegal and the product of an illegal retaliatory act, did facilitate the perpetration of the illegal seizure, imprisonment, and attempted assault on Plaintiff Kaul as he believed Defendant Christie would prevent it from being exposed.

## LEGAL ANALYSIS/CONCLUSIONS OF LAW AS TO DEFENDANTS ARGUMENTS

On September 18, 2023, Plaintiff Kaul submitted his **RESPONSE TO DEFENDANT MURPHY MOTION TO VACATE DEFAULT QUASH PROCESS OF SERVICE** (D.E. 25). The underlying facts of Defendant Murphy and Defendant Christie's arguments are identical and Plaintiff Kaul's disproof of those facts became admitted on September 25, 2023, when Defendant Murphy failed to rebut/refute/contest Plaintiff Kaul's September 18, 2023, disproof of those facts. Thus, Defendant Christie's September 27, 2023, argument as to no factual nexus/vicarious liability between Defendant Christie's illegal filing of the May 2016 tax indictment and the June 14/15, 2023, illegal arrest/imprisonment/attempted drugging by Defendant Murphy and others is without merit, which is why Defendant Murphy filed no reply to Defendant Kaul's September 18, 2023, **RESPONSE TO DEFENDANT MURPHY MOTION TO VACATE DEFAULT QUASH PROCESS OF SERVICE.** Notable in its absence from Defendant Christie's filing is any reference to the illegal and knowingly fraudulent May 2016 tax indictment, a 'Fraud on the Court' perpetrated by/through/with the apparatus of the State of New Jersey.

### Defendants Christie and Murphy Have No Meritorious Defenses

On September 27, 2023, at approximately 7 pm EST, counsel for Defendant Christie filed an eleven (11) page motion to vacate the Default entered against Defendant Christie on September 6, 2023 (D.E. 20), in which he argues the Default was not culpable/valid/prejudicial and that he has multiple meritorious defenses ranging from U.S.D.J. Oetken's September 12, 2022, opinion/order regarding the filing in his courtroom of any further cases by Plaintiff Kaul to res judicata to the statute of limitations.

### Defendant Christie's Injunction Argument Remains Subject To Appeal

Counsel for Defendant Christie misrepresents or misreads the August 23, 2023, opinion of U.S.D.J. Bloom, which cites to <u>Dinardo v. Palm Beach Cnty. Cir. Ct. Judge, 199F. App;x 731, 735 (11th Cir. 2006)</u> on the point of injunctions. The 11th Circuit states: **"dismissals of pro se actions**

where the plaintiffs, who were frequent litigators, violated injunctions prohibiting them from filing or attempting to initiate any new lawsuits in any federal court without first obtaining leave of <u>the court</u>." Dinardo v. Palm Beach Cnty. Cir. Ct. Judge, 199 F. App'x 731, 735 (11th Cir. 2006) (affirming a district court's sua sponte dismissal order for failure to comply with a filing injunction)."

The 11th Circuit's specific use of the phrase '<u>the</u> court' means the United States District Court and not the court from which the injunction issued, otherwise the 11th Circuit would have stated '<u>that</u> court' meaning the one from which the injunction issued. The 11th Circuit did not intend to confer authority over its district courts to district courts from other circuits.

Plaintiffs Kaul/Basch K11-14 appeal in the 11th Circuit remains pending, and will be dismissed fourteen (14) days from September 22, 2023, if Appellants Basch and Kaul do not submit a standalone CIP.

Defendant Christie's defense seeks clarification from the 11th Circuit on the 'the … that' point, as to have district judges assume authority over other district judges would undermine the Circuit specific structure of the American federal court system.

The pending appeal renders null/void the September 12, 2022, opinion/order of U.S.D.J. Oetken for the purpose of Defendant Christie's motion to vacate Default.

The other res judicata/jurisdiction/statute of limitations defenses are without effect as the facts underpinning K11-15 have never been adjudicated, and even if they had, the **"ongoing"** injury being caused to Plaintiff Kaul's livelihood/life/liberty provides an **"ongoing"** basis for new claims pursuant to <u>349 U.S. 322 (1955) LAWLOR ET AL., TRADING AS INDEPENDENT POSTER EXCHANGE, v. NATIONAL SCREEN SERVICE CORP. ET AL. No. 163. Supreme Court of United States. Argued February 9-10, 1955. Decided June 6, 1955</u>, a case cited throughout **The Kaul Case**s and a case unrefuted by **The Kaul Cases** Defendants.

**The Kaul Cases** Defendant NJBME continues to violate Plaintiff Kaul's human/civil/constitutional rights in failing to reinstate his illegally revoked license, despite multiple ongoing attempts at resolution by Plaintiff Kaul since 2012.

**Defendant Christie's willfulness argument is False.**

The 'willfulness' standard within the 11th Circuit pertains to that of intentionality and or recklessness. Black's Law Dictionary defines intentional as that **"done with reason and purpose"** as set forth in the below cases:

987 F.2d 1536 (1993) Gayle White MALAUTEA, Plaintiffs-Appellees, v. SUZUKI MOTOR COMPANY, LTD., Defendants-Appellants Nos. 92-8029, 92-8175. United States Court of Appeals, Eleventh Circuit. April 9, 1993 + 88 F.3d 948 (1996) COMPANIA INTERAMERICANA EXPORT-IMPORT, S.A., Plaintiffs-Appellees, v. COMPANIA DOMINICANA DE AVIACION, Defendants-Appellants No. 95-5056. United States Court of Appeals, Eleventh Circuit. July 23, 1996 (**"However, if a party willfully defaults by displaying either an intentional 952\*952 or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief. *Shepard Claims Service, Inc. v. William Darrah & Associates*, 796 F.2d 190, 194-95 (6th Cir. 1986).")** + 796 F.2d 190 (1986) SHEPARD CLAIMS SERVICE, INC., Plaintiff-Appellee, v. WILLIAM DARRAH & ASSOCIATES, a foreign corporation, Defendant-Appellant. No. 85-1674. United States Court of Appeals, Sixth Circuit. Argued April 22, 1986. Decided July 18, 1986 + JOE HAND PROMOTIONS, INC., Plaintiff, v. GFL UNITED LLC, doing business as Sharpshooters Bar & Billiards; JENNIFER ROCHELLE DAVIS; LARRY WILLIAMS; and DARLENE WILSON, Defendants. No. 1:22CV188. United States District Court, M.D. North Carolina. December 9, 2022.

Defendant Christie, while claiming he is no longer a 'state actor', betrays his fraud by inculcating an assistant to the attorney general whose declaration (D.E. 27-1) misleads the Court as to the fact that Defendant Christie became aware of the Default on September 8, 2023, via a release from www.drrichardkaul.com (Exhibit ---) and not on September 25, 2023.

14

Defendant Christie's failure to file his own affidavit is consistent with the fraud he is attempting to conceal by having an assistant to the attorney general make intentionally misleading statements, that further evidence Defendant Christie's willfulness in failing to answer the K11-15 charges, and instead submitting argument that is irrelevant.

**Defendant Christie's Culpable Argument is False.**

Defendant Christie's argument is self-defeating in that in seeking to have the Court exercise its authority to vacate the **"current result"** of the Default, he simultaneously argues that the Court is without jurisdiction. This vein of argument continues with that pertaining to service, in that despite the fact that on August 17, 2023, the Court found that Defendant Christie had been properly served and did provide notice that an answer/response was due on September 5, 2023 (D.E. 13). Defendant Christie filed no answer/response on September 5, 2023, despite having been properly served and obviously coming into possession of the Summons/Complaint that he sent to the assistant to the attorney general, Sebastian A. Goldstein. Similarly, Defendant Christie has provided no affidavit attesting to the fact that he regularly logs onto PACER to check the case status of **The Kaul Cases**. Defendant Christie's knowingly false argument constitutes culpability.

**Defendant Christie's Prejudicial Argument is False**

The falsity of the argument is evidenced in para. 14 of Plaintiff Kaul's September 18, 2023, **RESPONSE TO DEFENDANT MURPHY MOTION TO VACATE DEFAULT QUASH PROCESS OF SERVICE** (D.E. 25), the truth of which was admitted on September 25, 2023 when Defendant Murphy failed to contest/rebut/refute Plaintiff Kaul's argument.

**Defendant Christie's Res Judicata/Personal Jurisdiction/Statutes Limitations Arguments Are Meritless And Have Already Been Disproved.**

The identical factual underpinning of the claims against Defendant Christie and Murphy was established the moment on June 14, 2023, that Defendant Murphy acted upon Defendant Christie's illegal May 2016 tax indictment and illegally seized Plaintiff Kaul's person and in that moment, the past became the present.

Res Judicata: Even if the argument had already not failed for the above reason, it would fail because the facts underpinning K11-15 were properly filed within a separate action and had not been adjudicated, as they are now, by virtue of Defendant Christie's Default. In fact, the proof of the truth of those facts if applied to K11-14 would, even according to Defendant Christie's argument, cause a nullification of any injunctive based dismissal and reinstatement of K11-14. Defendant Christie's argument that because the 2012/2014 illegal license revocation and the June 14/15 illegal arrest/imprisonment/attempted drugging and all the violations in between constitute facts of an ongoing conspiracy and deprivation of human/civil/constitutional rights that therefore they are all simply just 'one fact' and that because this Court dismissed this 'one fact' with prejudice in K11-14 that therefore res judicata mandates this Court dismiss this 'one fact' again. This argument is false, as the facts (2012-2023) are simply not one fact, as understood in the common temporal understanding of the word 'fact'. In fact, the absurd extension of Defendant Christie's argument would be that any future violation of Plaintiff Kaul's life/liberty/property would be res judicata, i.e., already judged. You know a man is beaten when he resorts to ridiculousness.

Personal Jurisdiction: Defendant Christie, while advancing the K11-14/K11-15 'one fact' res judicata argument and while not having raised the personal jurisdiction defense in K11-14 and in fact having accepted personal jurisdiction in K11-14 now finds himself in 'argument pickle' (a not infrequent occurrence in politics) in that his own reasoning, aside from the law/facts, does confer on him the Court's jurisdiction. It is interesting to note that in K11-5, the case pending in the Bangalore District Court in India, Defendant Christie did not claim lack of personal jurisdiction but did in fact retain local counsel and is now litigating the case, but yet he claims lack of personal jurisdiction in an American court located in Florida.

16

<u>Statute of Limitations</u>: Defendant Christie's 'personal injury' civil rights defense is a defense that if technically analyzed would fail, as Plaintiff Kaul's civil rights claims pertain not to fractured bones/soft tissue damage but to illegal seizures/imprisonment of his person, the most recent being June 14/15, 2023, well within the four (4) year statute of limitations.

**Defendants Christie And Murphy Are Vicarious Liable For Each Other's Offenses**

Plaintiff Kaul respectfully refers the Court to the prior argument within this submission: **Procedural Relevance of Defendant Murphy's Continuing Violation/Vicarious Doctrine Further Admittance Of Fact Admitted By Defendant Christie**.

Respectfully Submitted:

Dated: September 28, 2023                                          _____
                                                                    RICHARD ARJUN KAUL, MD

17