UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-22582-BLOOM/Torres

RICHARD ARJUN KAUL, MD,

    Plaintiff,
v.

KENNETH MURPHY,

    Defendant.
_____/

## ORDER ON DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Kenneth Murphy's ("Murphy") Dispositive Motion to Dismiss Plaintiff's Complaint with Prejudice ("Motion"), ECF No. [51], filed on December 5, 2023. Plaintiff Richard Arjun Kaul ("Kaul") filed a Response, ECF No. [52]. Murphy did not file a Reply. The Court has reviewed the record, the supporting and opposing submissions, the applicable law, and is otherwise fully advised. For the reasons that follow, Murphy's Motion is granted in part and denied in part.

**I.  BACKGROUND**

In his Amended Complaint ("Complaint")[1], Kaul alleges violations of his constitutional rights and a conspiracy to violate his civil rights pursuant to 42 U.S.C. §§ 1983, 1985. Broadly, those violations stem from the 2014 revocation of his medical license in New Jersey, which prompted Kaul to file a 2016 lawsuit ("2016 lawsuit") against then-Governor Chris Christie ("Christie") and others for alleged RICO, antitrust, and constitutional violations. In the 2016 lawsuit, Kaul alleged that Christie further conspired with the New Jersey Office of the Attorney

---

[1] Kaul initially filed his Complaint against Christopher J. Christie and Defendant, on July 11, 2023, ECF No. [1], and thereafter filed an Amended Complaint on July 28, 2023. ECF No. [4]. Christie was dismissed based on a filing Injunction. *See* ECF No. [46].

General and the Mercer County Prosecutor's Office to knowingly file a false criminal indictment against Kaul based on New Jersey state tax violations. Kaul learned of this indictment during a 2016 arrest in Somerset County, New Jersey for unpaid child support. Kaul received notification of a hearing date for the tax violation in Mercer County but chose not to attend.

In the Complaint at bar, Kaul's allegations pertain to an incident on June 14, 2023. Defendant Murphy is a police officer with the Morristown, New Jersey Police Department who conducted a traffic stop involving Kaul in Morristown. Upon discovering the outstanding warrant in Mercer County, Murphy arrested Kaul. Kaul alleges that Murphy knew the arrest was "illegal" but was still taken to the Morristown Police Station, Mercer County Police Station, and the Mercer County Correctional Center — all of which are in New Jersey. In those facilities, Kaul alleges he was not permitted to make a phone call to his lawyer (but was allowed to call a friend) was restrained with cuffs, was prevented from taking blood pressure medication, and was presented with one antipsychotic pill which he managed to avoid taking. Kaul states he was eventually released on June 16, 2023, in Trenton, New Jersey. It is upon these allegations that Kaul has named Murphy as a state-actor in this matter, for having allegedly violated Kaul's human, constitutional, and civil rights.

Earlier in this case, Magistrate Judge Alicia Otazo-Reyes decided that Kaul is precluded from pursuing this case against Christie due a standing injunction issued in the Southern District of New York. ECF No. [46]; *See Kaul v. Intercontinental Exchange*, No. 1:21-cv-06992-JPO, 2022 WL 4133427, at *1 (S.D.N.Y. Sept. 12, 2022). The injunction prevents Kaul from filing a complaint in any United States District Court against any defendant named in that case arising from the denial of Kaul's medical license without leave of that court. *Id*. at *8-9. Christie was a

defendant in *Kaul v. Intercontinental*, and leave was not sought by Kaul. Murphy was not a defendant in *Kaul v. Intercontinental.*

In Murphy's Motion, he argues that this Court lacks personal jurisdiction over him and reasons that Kaul cannot satisfy Florida's long arm statute, Fla. Stat. § 48.193, nor the due process provisions of the United States Constitution. Murphy also argues that venue is improper pursuant to §28 U.S.C. § 1391(b) and, even taking Kaul's Complaint as true and accurate, there is no basis for asserting personal jurisdiction over him.

One day before Murphy filed his Motion, Kaul filed a Motion for Summary Judgment. Without citing any valid legal authority, Kaul responds that Murphy is precluded from filing his Motion due to Kaul's pending Motion for Summary Judgment. Based on this argument, Kaul maintains that a response to Murphy's Motion was not required, it is a nullity "as if the document did not exist."

## II.   LEGAL STANDARD

### A.  Personal Jurisdiction

Federal Rule of Civil Procedure 12(b)(2) provides that a court may dismiss a complaint for lack of personal jurisdiction. "A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a *prima facie* case of jurisdiction." *United Technologies. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009) (citations omitted); *See also Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006). "Second, if the complaint alleged sufficient facts, and 'the defendant challenges jurisdiction by submitting affidavit evidence in support of its position, the burden traditionally shifts back to the plaintiff to produce evidence supporting its jurisdiction.'" *See Diulus v. Am. Express Travel Related Servs. Co., Inc.*, 823 F. App'x 843, 848 (11th Cir. 2020) (quoting *Mazer*, 556 F.3d at 1274). "Third, 'where the plaintiff's complaint and

3

supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff.'" *Id*. (quoting *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010)). The Court must assess its personal jurisdiction over each defendant separately. *Stubbs*, 447 F.3d at 1360. "A *prima facie* case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict." *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir.1990) (citation omitted).

In assessing whether a nonresident defendant is subject to exercise of personal jurisdiction, federal courts apply a two-step test to determine "whether the exercise of jurisdiction (1) comports with the long-arm statute of the forum; and (2) does not violate the Due Process Clause of the Fourteenth Amendment." *Virgin Health Corp. v. Virgin Enters. Ltd*., 393 F. App'x 623, 626 (11th Cir. 2010); Fed. R. Civ. P. 4(k)(1)(A). A court "[need] not reach the second question of the personal jurisdiction analysis" upon failure to establish that the long-arm statute permits the district court to assert personal jurisdiction over the defendant. *Id*.

### B. Florida's Long Arm Statute - § 48.193

"The 'reach of the Florida long-arm statute is a question of Florida law.'" *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd*., 288 F.3d 1264, 1271 (11th Cir. 2002) (quoting *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 257 (11th Cir.1996)). "[F]ederal courts are required to construe [such law] as would the Florida Supreme Court." *Id*. (quoting *Madara*, 916 F.2d at 1514).

Under Federal Rule of Civil Procedure 4(k)(1)(A), federal courts apply the long-arm statute of the forum state — in this case, Florida. "Florida's long-arm statute provides for both general and specific personal jurisdiction." *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1352 (11th Cir. 2013) (citing Fla. Stat. § 48.193(1)– (2)). The Eleventh Circuit has explained that a "defendant can be subject to personal jurisdiction under Florida's long-arm statute in two ways: first, section 48.193(1)(a) lists acts that subject a defendant to *specific* personal jurisdiction — that

is, jurisdiction over suits that arise out of or relate to a defendant's contacts with Florida, Fla. Stat. § 48.193(1)(a); and second, section 48.193(2) provides that Florida courts may exercise *general* personal jurisdiction — that is, jurisdiction over any claims against a defendant, whether or not they involve the defendant's activities in Florida — if the defendant engages in 'substantial and not isolated activity' in Florida, § 48.193(2)." *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F. 3d 1201, 1203–04 (11th Cir. 2015). Courts strictly construe Florida's long-arm statute in favor of the nonresident defendant. *Stonepeak Partners, LP v. Tall Tower Cap., LLC*, 231 So. 3d 548, 552 (Fla. Dist. Ct. App. 2017).

### III.   DISCUSSION

Kaul's Complaint alleges an incident took place in New Jersey. ECF No. [4]. Murphy is a police officer with the Morristown, New Jersey Police Department and the alleged unlawful arrest took place in New Jersey. *Id*. at 58. Kaul bears the burden of establishing the allegations in his Complaint make out a *prima facie* case of personal jurisdiction against Murphy. *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). Here, Kaul offers three bases for personal jurisdiction in his Complaint. As his first basis, Kaul argues that personal jurisdiction exists against all defendants within several cases he has initiated over time. ECF No. [4] ¶ 7. As one of those cases — which was left unnamed and unidentified — is pending "in this Court, in which there exists commonality of litigants, subject matter, evidence, facts, argument, and law" judicial efficiency warrants personal jurisdiction over Murphy. *Id*. As his second basis, Kaul argues that personal jurisdiction exists given the "transaction of business, maintenance of substantial contacts" and the general conspiracy against him taking place throughout the United States and within this district, causing injury to persons residing in this district. *Id*. Third, Kaul states that personal jurisdiction was established over Murphy upon filing his Complaint and the Case Information

5

Sheet in this Court on July 11, 2023, and payment of the filing fee. *Id.*

Kaul's first assertion that personal jurisdiction can be established based upon purported commonalities with unnamed parties in unnamed cases lacks merit and is insufficient to establish that this Court has personal jurisdiction over Murphy. Personal jurisdiction must be established as to each individual defendant within a given case. *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006). Personal jurisdiction is just that, personal. A court "may not ascribe the forum contacts of one co-defendant to another in determining the existence of personal jurisdiction." *Fraser v. Smith*, 594 F.3d 842, 852 (11th Cir. 2010) (citations omitted).

Kaul's next asserted basis for personal jurisdiction is due to the alleged conspiracy, including "maintenance of substantial contacts, and /or commission of acts. . . throughout the United States, including in this district" and for "causing injury to persons residing in . . . this district" also fails. ECF No. [4] ¶ 7. Kaul has not specifically cited to Florida's long arm statute, but the Court analyzes this argument related to the "commission of acts. . . in this district" under § 48.193(1)(a)(2), which provides that a person submits himself to personal jurisdiction in Florida for committing a tortious act within the state. As set forth in his Complaint, all allegations related to Murphy, his conduct, and specific acts occurred in New Jersey. ECF No. [4] ¶¶ 58-118. The Complaint does not allege any tortious acts in Florida. As such, Kaul has failed to establish personal jurisdiction over Murphy pursuant to § 48.193(1)(a)(2).

Kaul's second basis for personal jurisdiction over Murphy also includes allegations of injury to persons residing in, located in, or doing business in this District. ECF No. [4] ¶ 7. Kaul fails to cite to any statute. Nevertheless, the Court analyses this argument under Fla. Stat. § 48.193(1)(a)(6) which provides personal jurisdiction can be established for out of state

6

conduct "causing injury to persons or property within this state." *Id*. Kaul alleges all acts occurred out of state; however, he does not allege that he has property in Florida, that he was injured in Florida, or that he was present in the state of Florida. *See generally* ECF No. [4] ¶¶ 77-92. Kaul states his address is in Morristown, New Jersey. ECF No. [4] ¶ 9. There is no property or address in Florida referenced in the Complaint, nor is there an allegation related to any injury in Florida. While Kaul maintains several purported violations occurred out of state (he was shackled, offered a medication that he ultimately did not take, etc.) Kaul fails to allege that these resulted in an injury in Florida. Kaul has failed to establish a *prima facie* case of personal jurisdiction over Murphy pursuant to § 48.193(1)(1)(6).

Finally, Kaul's third argument that he successfully made a *prima facie* showing of personal jurisdiction over Murphy based on the filing of this Complaint is without merit. To establish a *prima facie* case of personal jurisdiction pursuant to § 48.193, the Complaint must contain sufficient factual allegations based upon enumerated acts that could subject a person to jurisdiction of courts within this state. Moreover, § 48.193 provides the acts a *defendant* must have committed or participated in that subject the defendant to jurisdiction. Here, Kaul contends this Court has personal jurisdiction over Murphy because he filed his Complaint in this District. That argument is nonsensical. The filing of a complaint is plainly not an act within § 48.193 that can establish personal jurisdiction over a non-resident defendant. Consequently, Kaul fails to identify any conduct by Murphy even suggesting this Court has personal jurisdiction under § 48.193.

Accordingly, Kaul has failed to satisfy his burden to make a *prima facie* case of personal jurisdiction over Murphy. As Murphy is not subject to jurisdiction in this Court under Florida's long-arm statute, it need not analyze whether exercising personal jurisdiction over Murphy comports with due process. *Snow v. Direct TV*, 450 F.3d 1314, 1319 (11th Cir. 2006). Furthermore,

as this Court does not have jurisdiction, the merits in this case have not been reached and the Complaint is dismissed without prejudice.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss, **ECF No. [51]**, is **GRANTED IN PART and DENIED IN PART.**

2. The Amended Complaint, **ECF No. [4]** is **DISMISSED WITHOUT PREJUDICE**.

3. The Clerk is directed to **CLOSE** this case.

4. To the extent not otherwise disposed of, any scheduled hearings are **CANCELLED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 15, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record